IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAULETTE ROLLISON,
STORMY GALE,
and SHERRY HUGHART,

**Plaintiffs,**

v.

CC SERVICES, INC.,

**Defendant.**                                                                 No. 05-CV-4193-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

Now before the Court is Plaintiffs' March 10, 2006 motion o certify a collective class of persons as "similarly situated" pursuant to **29 U.S.C. § 216(b)** (Docs. 19 & 20). Thereafter, on March 24, 2006, Defendants filed a memorandum in opposition of certification (Doc. 25). Based on the following, the Court grants Plaintiffs' motion.

On October 11, 2005, Plaintiffs Paulette Rollinson, Stormy Gale, and Sherry Hughart filed suit under the Fair Labor Standards Act, **29 U.S.C. § 201 *et seq.*** ("FLSA"), the Illinois Wage Collection and Payment Act, **820 ILCS 115/1 *et seq*.** ("IWCPA") and the Illinois Minimum Wage Law, **820 ILCS 105/1 *et seq.*** claiming that Defendant CC Services, Inc. ("CC Services" ) owes its Material Damage Specialists ("MDS"), Central Claims Office Claims Representatives I ("CCO CR I"),

and Central Claims Office Claims Representatives II ("CCO CR II") overtime compensation (Doc. 1). On March 10, 2006, the Court allowed Plaintiffs leave to amend their complaint to delete their state law claims (Doc. 18). That same day, Plaintiffs filed their motion to certify a collective class of persons "similarly situated" pursuant to 29 U.S.C. § 216(b) (Doc. 19). Thereafter, Plaintiffs filed their First Amended Complaint containing only FLSA claims against CC Services (Doc. 22).

The First Amended Complaint alleges Plaintiffs were or are currently employed by CC Services (Doc. 22, ¶¶ 1-3). Plaintiff Rollinson was employed as a MDS on or about May 1997 through September 2003 (Doc. 22, ¶ 1) Plaintiff Gale was employed as a CCO CR I in 1998 and remains in this position (Doc. 22, ¶ 2.) Plaintiff Hughart was employed as a CCO CR II during portions of 2003 and 2004 (Doc 22, ¶ 3). Plaintiffs allege that each of these positions, MDR, CCO CR I, and CCO CR II, are not exempt from the overtime provisions of the FLSA because these positions "do not have the ability to exercise discretion and independent judgment in the performance of their duties." (Doc. 22, ¶ 7; Doc. 20, p. 2). Plaintiffs allege that CC Services unlawfully classified Plaintiffs as "administrative employees" who were exempt from overtime payments under federal and state laws. (Doc. 22, ¶ 8; Doc. 20, p. 2). CC Services allegedly refused to pay Plaintiffs overtime wages for time worked in excess of forty hours per week as required by **29 U.S.C. § 07(a)(1)**. Plaintiffs allege this policy of CC Services violates FLSA because no statutory exemption to overtime compensation applies (Doc. 22, ¶ 11).

## II. <u>Analysis</u>

The FLSA allows an employee to bring a class action against his or her employer on behalf of other employees who are "similarly situated." **29 U.S.C. § 216(b)**. FLSA preempts the class action procedure set out in **FEDERAL RULE OF CIVIL PROCURE 23** by requiring that a person wishing to be considered a party to the class give consent in writing, commonly known as the "opt–in" requirement. ***King v. General Electric Co.*, 960 F.2d 617, 621 (7th Cir. 1192) (citing 29 U.S.C. § 216(b))**. Courts have the discretionary power to authorize notice of the action to potential opt-in plaintiffs. ***Bontempo v. Westwood One Broadcasting Servs.*, 2002 WL 1925911, at \*1 (N.D. Ill. May 3, 2002) (Holderman, J.) (citing *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982))**.

While courts have developed various methodologies, the majority of courts utilize a two-step *ad hoc* process for determining whether a lawsuit filed under FLSA should proceed as class action. ***Mielke v. Laidlaw Transit, Inc.*, 313 F. Supp. 2d 759, 762 (N.D. Ill. 2004) (Castillo, J.);  *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042,1045 (N.D. Ill. 2003) (Norgle, J.);  *see also Cameron-Grant v. Maxim Healthcare Servs.*, 347 F. 3d 1240, 1243 n. 2 (11th Cir. 2003); *Thiesen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001) (utilizing the *ad hoc* approach in an ADEA case because the ADEA "expressly borrows the opt-in class action mechanism of the [FLSA]"); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995)**. First, the court

must determine, based on the pleadings and any affidavits that have been submitted, whether potential class members are "similarly situated" and should be given notice of action and the opportunity to opt-in. **Mielke, 313 F. Supp. 2d at 762**. Thereafter, the discovery will ensue and the court can make a more stringent, factual determination. **Id**.

Under the notice step of the *ad hoc* test, courts apply a lenient interpretation of the "similarly situated" requirement. **Id**. **(citation omitted)**. Yet, neither FLSA nor its regulations define the term "similarly situated." **Id**; **Flores, 289 F. Supp. 2d at 1045; Bontempo, 2002 WL 1925911 at \*1**. The Seventh Circuit Court of Appeals has not spoken regarding the standard that should be used for determining whether plaintiffs are "similarly situated." Courts in other districts have utilized various methodologies for determining whether opt-in claimants are "similarly situated." Some courts require a "'modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" **Flores, 289 F. Supp. 2d at 1045; accord Bontempo, 2003 WL 1925944 at \*1; Taillon v. Kohler Rental Power, Inc., 2003 WL 2006593, at \*1 (N.D. IL April 29, 2003) (Darrah, J.); Belbis v. County of Cook, 2002 WL 31600048, at \*4-5 (N.D. IL Nov. 18, 2002) (Darrah, J.) (providing signed consent forms from 350 other employees who felt they were entitled to overtime compensation was a sufficient factual showing); Thiessen, 267 F.3d at 1102**. On the other hand, in **Pfahler v. Consultants for Architects,**

***Inc.***, the court defined similarly situated as "performing[ing] the same type of duties as the plaintiff." **2000 WL 198888, at *2 (N.D. IL Feb. 8, 2000) (Conlon, J.)**.

Plaintiffs move, on behalf of themselves and all other similarly situated persons in the United States employed by CCSI in the MDR, CCO CR I, and CCO CR II positions who have not received overtime compensation, for certification as a class of "similarly situated" persons pursuant to **29 U.S.C. § 216(b)** (Doc. 19, 1.) Additionally, the Plaintiffs pray that the Court order that potential class members be notified of the pending action. (Doc. 19, ¶ B)  Defendants oppose the motion to certify a collective action, claiming the Plaintiffs failed to meet their burden of supporting the motion with factual evidence (Doc 25, p. 1).

While the Plaintiffs have not provided any affidavits to support their assertions, their pleadings demonstrate that they have sufficiently alleged violations of the FLSA.  Their allegations show a common plan of not paying overtime wages to MDS's, CCO CR I's, and CCO CR II's.  Plaintiffs have pled that they and other employees of CC Services employed in the MDS, CCO CR I, and CCO CR II positions are victims of CC Services' policy or plan to not pay time-and-a-half for those hours worked in excess of forty hours per week.  Further, the Court finds that these allegations meet the similarly situated requirement for notice to opt-in claimants.  In fact, Plaintiffs' allegations mimic those in ***Bontempo*** and ***Taillon***, which other district courts found sufficient for notice.  Thus, the Court will conditionally certify the class and order notice of the collective action.

### III. Conclusion

Accordingly, the Court **GRANTS** Plaintiffs' motion to certify a collective class of persons "similarly situated" pursuant to 29 U.S.C. § 261(b) (Doc. 19). The Court **CONDITIONALLY CERTIFIES** the class and **ORDERS** notice to be provided to putative collective action plaintiffs so that discovery can be completed and allowing the Court to proceed to the second step of certification.

**IT IS SO ORDERED.**

Signed this 6th day of June, 2006.

/s/           David   RHerndon
**United States District Judge**