IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PAULETTE ROLLINSON**, ) | |
| **STORMY GALE, and** ) | |
| **SHERRY HUGHART,** ) | |
| **Individually and as Collective Action and** ) | |
| **Class Action Representatives,** ) | |
| ) | Civil No. **05-4193-DRH** |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| **CC SERVICES, INC.,** ) | |
| ) | |
| Defendant. ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff Gale's Motion to Compel Production of Computer Program at Parties [sic] Deposition. **(Doc. 38)**. Defendant filed a response **(Doc. 41)** and plaintiff filed a reply **(Doc. 43)**.

Plaintiff is bringing a wage and overtime claim against her employer under the Fair Labor Standards Act. She alleges that her position as a Central Claims Office Claims Representative I is not exempt from the overtime provisions of that Act and/or similar State laws. In the course of her employment, plaintiff uses a computer program known as Siebel. Employees are trained on a version of the program called "testland." The training version uses non-confidential exemplar files. Plaintiff seeks to compel the production of the testland version of Siebel at the depositions of witnesses Larson, Murphy, and Nolen. These witnesses are employees of defendant who are involved in the training and supervision of persons in plaintiff's position. She requested in her deposition notices that the witnesses have access to a computer

1

running Siebel in the testland environment.  **See, Doc. 38, Exhibits 5, 6, and 7.**

Plaintiff's counsel intends that the witnesses "would be video taped while performing tasks on the computer program utilized by CRI s and Desk Adjusters." **Doc. 38, Exhibit 2**. Plaintiff explains in her reply that the use of the Siebel program is relevant because all of the tasks of a Claims Representative such as plaintiff involve the program, and the operation of the program will show how much discretion such employees have.

Defendant objects that the request exceeds the scope of Fed.R.Civ.P. 34 because plaintiff intends to use defendant's employees to aid her in "testing, inspecting and/or sampling the program." **Doc. 41, p.1**.  Plaintiff counters that Rule 34 permits the use of electronic documents, and that she is entitled to observe defendant's normal daily operations.  **Doc. 43, p. 2.**

The court agrees that Rule 34 contemplates the production of electronically stored data. The proposed amendments to Rule 34, which are set to become effective on December 1, 2006, will explicitly provide for the production of such data.

The problem here is not that the information requested is in electronic form.  The problem is that plaintiff wants to use defendant's employees to demonstrate the use of the computer program.  Plaintiff is not asking to be allowed to observe the normal daily operations of defendant.  Rather, she is asking that she be allowed to direct defendant's employees in a demonstration of the computer program in the "testland" mode during their depositions.  The court finds that this request is beyond the scope of what is permitted under Rule 34 and creates an undue burden on defendant.

It should be clear that the court is not expressing any opinion as to the propriety of plaintiff herself performing such a demonstration on defendant's computer, as that request is not

before the court.

Upon consideration and for good cause shown, plaintiff Gale's Motion to Compel Production of Computer Program at Parties [sic] Deposition **(Doc. 38)** is **DENIED.**

**IT IS SO ORDERED.**

**DATE:  November 15, 2006.**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**
